No. 05-3518
File Name: 06a0148n.06
Filed: February 24, 2006

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PARKER HANNIFIN CORP., | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DAYCO PRODUCTS, LLC, et al., | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

Before:     **NELSON, SUHRHEINRICH**, and **GRIFFIN**, Circuit Judges.

**PER CURIAM.**  This is an appeal from a declaratory judgment involving the same parties and the same asset purchase agreement that were before us in *Parker Hannifin Corporation v. Dayco Products, LLC., et al.,* 2005 U.S. App. Lexis 9779 (6th Cir. 2005) (unpublished).  There, as here, two issues were presented:  (1) whether the district court abused its discretion in denying a motion for change of venue pursuant to a mandatory forum selection provision in the agreement, and (2) whether the district court erred in concluding as a matter of law that the agreement did not make the purchaser answerable for product liability claims relating to a line of business that had been discontinued years before the agreement was entered into.

As to the first issue, we said in the prior case that although the forum selection clause was a significant factor in the required calculus, the clause was not a dispositive factor.  The

district court did not abuse its discretion in declining to grant the requested transfer, we held

in the earlier case, and no persuasive reason has been offered for our reaching the opposite

conclusion here.

As to the second issue, it has now been established that terminated lines of business

are not subsumed within the contractual phrase "business as currently conducted." Liabilities

pertaining to the business as currently conducted are the only liabilities that the agreement

affirmatively commits the purchaser (Parker Hannifin) to assume. The seller (Dayco) points

out that the assumption undertaking also excepts liabilities retained by Dayco, and Dayco

argues that the agreement's definition of "Retained Liabilities" creates an ambiguity with

respect to the discontinued product line at issue here that is sufficient to permit the

introduction of extrinsic evidence and thus bar the granting of summary judgment.

The district court considered this argument and rejected it. We fully agree with the

district court's reasoning, and we **AFFIRM** the challenged judgment in all respects on the

strength of the district court's opinion.