**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-30993
Summary Calendar

BROOKSHIRE BROTHERS HOLDING, INC.; ET AL.,

Plaintiffs,

versus

TOTAL CONTAINMENT, INC.; ET AL.,

Defendants,

DAYCO PRODUCTS, LLC; MARK IV INDUSTRIES, LTD.,

Defendants-Appellants

versus

PARKER-HANNIFIN CORP.,

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. 2:04-CV-1150)

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

1

PER CURIAM:[*]

Dayco Products, LLC appeals the district court's grant of summary judgment in favor of Parker-Hannifin Corp. We affirm.

Parker Hannifin argues that Dayco is collaterally estopped from arguing that Parker-Hannifin is liable for indemnification regarding the Enviroflex hose claims under the Asset Purchase Agreement. We agree.

This court has held that collateral estoppel applies when, in the initial litigation, (1) the issue at stake in the pending litigation is the same, (2) the issue was actually litigated, and (3) the determination of the issue in the initial litigation was a necessary part of the judgment. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005). In *Parker-Hannifin Corp. v. Dayco Products, LLC*, No. 05-3518 (6th Cir. Feb. 24, 2006), the Sixth Circuit affirmed a decision from the United States District Court for the Northern District of Ohio finding that the identical Asset Purchase Agreement did not require Parker-Hannifin to indemnify Dayco for claims concerning Enviroflex hoses. All of the collateral estoppel elements have been met here. Dayco argues that the Sixth Circuit did not address the following issues: (1) the effect of the "TCI Litigation" clause in the Asset Purchase Agreement, and (2) the ambiguity created by the Asset Purchase Agreement's

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

use of the word "occurrences."  The United States District Court for the Northern District of Ohio considered these issues and found in favor of Parker-Hannifin.  *Parker-Hannifin Corp. v. Dayco Prods., LLC*, No. 1:04-CV-897 (N.D. Ohio Mar. 29, 2005).  The Sixth Circuit affirmed.  *Parker-Hannifin Corp. v. Dayco Prods., LLC*, No. 05-3518 (6th Cir. Feb. 24, 2006).  Accordingly, Dayco has not raised issues that were not litigated previously.

In addition, all elements for application of res judicata have been satisfied.  The prior decision was between the same parties, judgment was rendered by a court of competent jurisdiction, the judgment was final and on the merits, and the plaintiff raises the same cause of action.  *Russell v. SunAmerica Secs., Inc.*, 962 F.2d 1169, 1172 (5th Cir. 1992).

**AFFIRMED.**